Battle, J.
 

 The admission made by the defendant’s testator to the subscribing witness, that .the bond had not then been fully paid, was sufficient to rebut the presumption arising from the lapse of time, and the only question is, was he, under the circumstances, competent to testify? We certainly think that he came before the Court with a cloud of suspicion resting upon him ; but after much reflection, we are satisfied that the objection to him went to his. credibility, and not to his competency. It is conceded that, at the time of the trial, he had no legal interest in the negotiable instrument sued upon. He had indeed theretofore purchased it, but had taken it without endorsement, and thus had an' equitable one only in it. He, afterwards, for the very purpose of enabling himself to become a witness, assigned his interest to a third person and took the note of that person in 'payment of the price. After that time, he had neither a legal nor equitable interest in the bond, and though he had mentally resolved not to enforce the payment of the note taken from his vendee, unless the latter should recover the bond, that created a moral duty only ; one which could not be enforced either at Law or in Equity. This, it is now well settled, did not render him incompetent. 1 Greenlf. Ev. 388, 430 ; 2 Phil. Ev. 99, note 92. The case of
 
 Perry
 
 v. Fleming, 2 Car. Law Repos. 458, was, in some respects, like the present. It was an action of debt upon a bond, to which
 
 non est factum
 
 was pleaded. The subscribing witness to the bond had, soon after its execution, purchased it, but without endorsement; but in order to restore
 
 *173
 
 bis competency as a witness, be signed and sealed a release of all his right to Perry, the plaintiff, and deposited it in the clerk’s office for bis use ; he, the plaintiff, not being at Court. Tinder these circumstances, the witness was allowed to prove the execution of the bond; which was afterwards approved by the unanimous opinion of the Supreme Court. The case of
 
 Billingsly v.
 
 Knight, N. C. Term Rep. 103, shows too, that if the subscribing witness to a negotiable bond, becomes the assignee of it by endorsement, he may restore his competency as a witness, by endorsing it to another person without recourse and taking a release from that person.
 

 These cases clearly establish the principle, that a subscribing witness to a negotiable instrument, who acquires, by his own act, an interest therein, either legalor equitable, may divest himself of that interest, aiidjJfRS'f^ud^Jiis competency to testify in regard to it. Illegal ^101' an equitable interest in the ever#o^me cause^lh^Law will not reject him as a witness, because he^»a^®®rnim®lf under an obligation of morality or honopjJret to suf^r^hf. party for whom he is called, to lose by 11
 

 Per Curiam. The judgement is affirmed.